JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On 8/9/06**

| | |
|---|---|
| Case No. A05-01546-HAR | In Chapter 7 |
| In re WILLIAM L. HUNT, | |
| Debtor(s) | |
| WILLIAM L. HUNT, | Adv Proc No F06-90017-HAR |
| Plaintiff and Counter-Defendant | MEMORANDUM DECISION DENYING MOTION TO AMEND COMPLAINT |
| v. | |
| COLLEGE ACCESS NETWORK (substituting for NELNET) and ALASKA COMMISSION ON POSTSECONDARY EDUCATION, | |
| Defendant(s) | |

William Hunt filed this adversary proceeding to discharge student loans. He now moves to bring in the University of Alaska, Fairbanks (UAF) as a defendant on a theory that UAF should pay these loans because it caused him to fail in his academic endeavor to get a teaching certificate, for which the loans were incurred.[1]

This unopposed motion must be denied (even assuming the court has jurisdiction over UAF); the liability of UAF is precluded since it was determined in a prior state court action that UAF is not liable for Hall's academic failure based on the same set of facts. Hall is collaterally

---

[1] Docket 16.

estopped (also referred to as being barred by the doctrine of issue preclusion) from relitigating the same general contention that he unsuccessfully made in his state court case against UAF in this student loan adversary.[2]

In determining whether issue preclusion (collateral estoppel) applies, the court must look to the law of applicable state.[3] The Supreme Court of Alaska has held that: "Under the doctrine of collateral estoppel, even when the new litigation between parties in not barred by the doctrine of *res judicata*,, the parties are nevertheless prohibited from re-litigating factual or legal issues that were essential to the decision of a previous lawsuit between the parties." [footnote omitted].[4]

There are four requirements in Alaska for the application of collateral estoppel:[5]

> For collateral estoppel to apply, four requirements must be met: (1) the party against whom preclusion is sought must have been a party in a previous action (2) in which the identical issue was decided (3) by a final judgment on the merits (4) that depended on resolution of the issue.

The allegations underlying the indemnity claim against UAF which Hunt proposes by the amended complaint were previously litigated up to the Supreme Court of Alaska in Hunt v. University of Alaska Fairbanks.[6] That case involved the same parties, the identical issue, and a final judgment, and the issue decided was central to the decision. There, Hunt had sued UAF for

---

[2] In re Cantrell, 329 F3d 1119, 1123 ((9th Cir 2003); In re Healy, 61 FedAppx 350, 351 (9th Cir 2003); Vilamar v Hersh, 37 FedAppx 919, 921 (9th Cir 2002); and, In re George, 318 BR 729, 733 (9th Cir BAP 2004) ("Issue preclusion bars relitigation only of issues that have actually been litigate, while the broader brush claim preclusion may also bar a cause that has never been litigated").

[3] In re Sasson, 424 F3d 864, 872 (9th Cir 2005).

[4] Hurd v State, 107 P3d 314, 328 (Alaska 2005).

[5] Varilek v City of Houston, 104 P3d 849, 853 (Alaska 2004) [footnote omitted].

[6] Hunt v University of Alaska, Fairbanks, 52 P3d 739 (Alaska 2002).

MEMORANDUM DECISION DENYING
MOTION TO AMEND COMPLAINT                                                                              Page 2 of 5

removing him from a student teaching class due to deficiencies in his written communication and literacy skills (although he had high marks in other areas).[7]

After he had enrolled in UAF, the state of Alaska changed the requirements for obtaining an elementary teaching certificate.[8] The Supreme Court found that UAF was justified in its decision that he failed to fulfill the conditions for passing the university's elementary education program. Its ruling, set out (in part) at some length,[9] precludes Hunt from raising, in this bankruptcy proceeding, these same issues decided against him in state court, even though the relief sought was different:

> In their final recommendations, two evaluators did not choose between the "admit" and "reject" options, and the third chose "reject." One of the undecided evaluators stated that Praxis scores were needed before a decision could be made. The other, who placed a question mark next to each option, stated that "[w]ith writing marginal, it's important to receive Praxis scores before making a determination about methods." The final evaluator, who chose to reject Hunt, stated that "[t]his is tough-he still lacks necessary skills and knowledge for the profession-He certainly is progressing."
>
> Ultimately, in April 1999, the SOE [School of Education], conditionally accepted Hunt into the Elementary Education Program. His acceptance into the methods blocks was "contingent upon passing scores on PRAXIS I, successful completion of all remaining required courses, availability of practical placements, and resources in the School of Education. In addition, the School of Education require[d] that [Hunt] attend the Writing Center to further develop and refine [his] writing skills." As noted above, Hunt failed the Praxis exam in both the spring and fall of 1999.
>
> Although the Praxis exam was not a requirement of admission to the Elementary Education Program during Hunt's catalog year, Hunt's demonstrated weaknesses in the areas of language and communication gave UAF a justifiable reason to require that he pass the Praxis exam before admittance. The requirements state that the measures listed are merely examples that do not encompass everything the admissions committee may consider. Rather than requiring Hunt to pass the Praxis exam as a newly-created requirement to the program, the committee sought to give Hunt a chance to enter the program in spite of his weak language skills.

---

[7] *Id*, 52 P3d at 743.

[8] *Id*, 52 P3d at 741.

[9] *Id*, 52 P3d at 743-44 [footnotes omitted]

MEMORANDUM DECISION DENYING
MOTION TO AMEND COMPLAINT                                                                 Page 3 of 5

> With the Praxis exam, the committee afforded Hunt an objective opportunity to demonstrate his capacity for reading and writing.
>
> Furthermore, the choice of the Praxis exam as this objective measure was appropriate. In July 1998, a new requirement for those seeking an initial regular teacher certificate took effect-successful completion of a competency examination by the standards established by the state. The competency exam chosen by the state was the Praxis exam.  As such, the committee's decision to require Hunt to pass the Praxis exam as a condition of his admission to the SOE was not an abuse of discretion. Rather, it was a legitimate choice of an objective measurement of his skills that he would have been required to pass in order to be licensed in the state. Requiring Hunt to pass the exam before applying for his license merely gave Hunt an extra chance to be admitted to the program when he otherwise would have been denied admission based on his application. The university thus complied with the terms of the UAF catalog and did not abuse its discretion in conditioning Hunt's admission on his successful completion of the Praxis exam.

The scenario described by the Supreme Court is exactly the same one Hunt uses in his proposed amended complaint in this adversary proceeding to bring in UAF and make it responsible for repaying his student loans to the defendant student lenders.[10] He has included in the proposed amended complaint the same issues vis-a-vis UAF that he raised in state court. These issues were decided against him in a final state court judgment in which the court said the University acted properly.  He cannot now, based on the same facts, claim that UAF must indemnify him for his student loans based on its alleged improper treatment of him in the elementary education program.

Although, the Supreme Court did not need to reach the theory that Hunt espouses, that UAF's catalog and handbook resulted in a contract,[11] it found that UAF had done Hall no wrong in its treatment of him in his attempt to acquire the education to become an elementary school teacher.

---

[10] *See*, the *Amended Complaint to Determine Dischargeability of Debt- Non Opposition*, which is an attachment to Mr. Hunt's affidavit at Docket 14,

[11] Hunt v University of Alaska, Fairbanks,, 52 P3d 744-45. *Cf*, Bruner v Petersen, 944 P2d 43, 47-8 (Alaska 1997).

MEMORANDUM DECISION DENYING
MOTION TO AMEND COMPLAINT                                                                                         Page 4 of 5

Hunt's additional claim that UAF is liable because UAF's attorney was late in replying to Hunt's request for a voluntary assumption of the student loan obligation is a *non sequitur*. The motion to amend the complaint to add UAF will be denied.

DATED: August 7, 2006

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
William L. Hunt, *pro se* for π
Mary Ellen Beardsley, Asst Atty Gen'l for Alaska, for Δ, ACPSE
Kyle Seedorf, Esq., for Δ, College Access Network
Roger Brunner, Gen'l Counsel for UAF, PO Box 755160, Fairbanks, AK 99775-5160 (courtesy copy)
Peggy Gingras, Adv. Proc. Mgr.                                                                                      D6006

8/9/06

MEMORANDUM DECISION DENYING
MOTION TO AMEND COMPLAINT                                                                                    Page 5 of 5